**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**
In Admiralty

GARRETS INTERNATIONAL A/S,

and

SAGA SHIPPING A/S,

       Plaintiffs,

    vs.                              Civil No.:_____

M/V MOON, IMO Number 9635690,
(ex HORUS) her engines, tackle, equipment,
appurtenances, etc., *in rem,*

       Defendant.

**VERIFIED COMPLAINT**

Plaintiffs Garrets International A/S ("Garrets") and Saga Shipping A/S ("Saga") (collectively, "Plaintiffs") for their Verified Complaint against the motor vessel MOON, ex HORUS, IMO Number 9635690 ("M/V MOON" or the "Vessel"), her engines, tackle, equipment, appurtenances, etc., *in rem*, and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1.     This is a case of admiralty and maritime jurisdiction arising under Rule 9(h) of the Federal Rules of Civil Procedure.

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) and the general maritime law of the United States.

3.     This is an action *in rem* brought pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure to enforce a maritime lien for necessaries.

1

4.      Venue is proper in this District because M/V MOON is now, or will be during the pendency of this action, within this district and within the jurisdiction of this Court.

## THE PARTIES

5.      Plaintiff Garrets is a Danish corporation with its principal place of business in Noerresundby, Denmark. Garrets is engaged in the business of supplying provisions, ship stores, and related services to ocean-going vessels.

6.      Plaintiff Saga is a Danish corporation with its principal place of business in Skagen, Denmark. Saga provides port agency services, crew logistics, and related maritime services to ocean-going vessels.

7.      Defendant M/V MOON is a vessel currently or imminently within this District and is subject to arrest pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims.

8.      Upon information and belief, the M/V MOON is a vessel owned by BT HORUS LLC, a foreign company organized under the laws of the Marshall Islands.  Upon further information and belief, at the time the necessaries described herein were ordered and supplied, the M/V MOON was commercially managed by Gulf Marine International Ltd. ("Gulf Marine"), a company organized under the laws of Greece.

9.      Upon information and belief, at all relevant times Gulf Marine was entrusted with the management and operation of the M/V MOON and was authorized to procure necessaries for the Vessel within the meaning of 46 U.S.C. § 31341.

10.     The M/V MOON is now or will be during the pendency of this action within this District and within the jurisdiction of this Court.

## COUNT I – MARITIME LIEN FOR NECESSARIES
### *Plaintiff Garrets International A/S*

11.     Plaintiffs reallege and incorporate paragraphs 1 through 10 as if fully set forth herein.

12.     On or about November 11, 2021, Garrets entered into a Provision Management Agreement with Gulf Marine, pursuant to which Garrets agreed to supply provisions and related provisioning services to vessels operated and/or managed by Gulf Marine. A copy of the Provision Management Agreement is attached hereto as **Exhibit A**.

13.     Under the Provision Management Agreement, Garrets agreed to provide provisions to vessels at a fixed daily rate per crew member, together with related services, including procurement, delivery coordination, and inventory management. **Exhibit A**, §§ 2.1–2.2, 3.

14.     On or about June 1, 2022, Garrets entered into a Stores Management Agreement with Gulf Marine, in which Garrets agreed to procure and supply ship stores and related goods and services to vessels operated and/or managed by Gulf Marine. A copy of the Stores Management Agreement is attached hereto as **Exhibit B**.

15.     The Stores Management Agreement commenced on June 1, 2022 and remained in force thereafter unless terminated in accordance with its terms. **Exhibit B**, § 3.1.

16.     The foregoing agreements incorporated Garrets' General Terms and Conditions, which apply to all goods and services supplied by Garrets and form an integral part of the agreements between the parties. A copy of Garrets' General Terms and Conditions is attached hereto as **Exhibit C**.

17.     Pursuant to the agreements described above, Gulf Marine ordered provisions, ship stores, and related goods and services for vessels under its management, including the M/V MOON.

18.     At the request of Gulf Marine, Garrets supplied necessaries to the M/V MOON, including crew provisions and victualing services, ship stores, deck stores, engine stores, electrical stores, rope and other operational equipment, galley supplies, and related goods and services necessary for the Vessel's operation.

19.     These goods and services were provided for the benefit of the M/V MOON and were necessary for the Vessel's operation, maintenance, and provisioning.

20.     Invoices reflecting Garrets' supply of necessaries to the M/V MOON are attached hereto collectively as **Exhibit D**. These invoices include, among others, invoices for ship stores supplied to the Vessel, invoices for crew provisioning services, and an invoice reflecting the closing inventory of provisions still onboard the Vessel following cessation of services.

21.     At all relevant times, Gulf Marine was the commercial manager of the M/V MOON and a person entrusted with the management of the Vessel within the meaning of 46 U.S.C. § 31341, and was therefore authorized to procure necessaries for the Vessel.

22.     The necessaries described herein were supplied at the request and on the order of Gulf Marine and were provided on the credit of the Vessel, thereby giving rise to a maritime lien against the M/V MOON pursuant to 46 U.S.C. § 31342.

23.     Garrets invoiced the vessel interests, including Gulf Marine and/or the M/V MOON's owner or operators, for the necessaries supplied to the Vessel.

24.     Despite Garrets' repeated demands, the amounts due under the invoices remain unpaid. **Exhibit D**.

25.     The General Terms and Conditions incorporated into the agreements between Garrets and Gulf Marine provide that overdue invoices accrue interest and that Garrets is entitled

to recover administrative costs, collection costs, and legal expenses incurred in recovering unpaid

balances. **Exhibit C**, Clause G.7.

26.     The provisions, ship stores, and related services supplied by Garrets to the M/V

MOON constitute "necessaries" within the meaning of 46 U.S.C. § 31301(4) and were supplied

on the order of a person authorized to procure necessaries for the Vessel.

27.     Pursuant to 46 U.S.C. §§ 31341 and 31342, Garrets holds a maritime lien against

the M/V MOON for the unpaid balance of the necessaries supplied.

28.     Garrets is therefore entitled to enforce its maritime lien *in rem* against the M/V

MOON.

29.     As a result of the foregoing, there is presently due and owing to Garrets the sum of

$51,202.83, consisting of unpaid invoices, contractual interest, and collection costs incurred

pursuant to Garrets' General Terms and Conditions. Garrets therefore holds a maritime lien against

the M/V MOON pursuant to 46 U.S.C. §§ 31341–31342 which it is entitled to enforce *in rem*.

**COUNT II – MARITIME LIEN FOR NECESSARIES**
*Plaintiff Saga Shipping A/S*

30.     Plaintiffs reallege and incorporate paragraphs 1 through 29 as if fully set forth

herein.

31.     At the request of the Vessel's owner, operator, manager, charterer, and/or their

authorized agents, including Gulf Marine, Saga provided maritime agency services and related

necessaries to the M/V MOON, for the benefit of the Vessel.

32.     Saga provided these services in connection with crew change operations and vessel

logistics, including but not limited to, hotel accommodations for crew members, transportation

services for crew members, port agency attendance and coordination, immigration and border

clearance services, customs documentation services, communications services, and related logistical services necessary for vessel operations.

33.    Invoices reflecting Saga's provision of necessaries to the M/V MOON are attached hereto collectively as **Exhibit E**, including invoices issued to the Vessel under its former name, HORUS, for crew change and vessel support services.

34.    At all relevant times, the services described herein were ordered by the M/V MOON's owner, operator, manager, charterer, or their authorized agents, including Gulf Marine, a person entrusted with the management of the Vessel within the meaning of 46 U.S.C. § 31341.

35.    The services were therefore supplied on the order of a person authorized to bind the M/V MOON and on the credit of the Vessel.

36.    Saga invoiced the vessel interests, including the M/V MOON's owner, operator, manager, and/or their authorized agents, for the services supplied to the Vessel.

37.    Despite Saga's repeated demands, the amounts due under the invoices remain unpaid. **Exhibit E**.

38.    The services supplied by Saga constitute "necessaries" within the meaning of 46 U.S.C. § 31301(4).

39.    As a result of the foregoing, there is presently due and owing to Saga the sum of $8,475.00, consisting of unpaid invoices, contractual interest, and collection costs incurred in connection with the necessaries supplied to the M/V MOON, exclusive of further interest, attorneys' fees, and costs recoverable by law.

40.    Pursuant to 46 U.S.C. §§ 31341 and 31342, Saga holds a maritime lien against the M/V MOON, her engines, tackle, equipment, appurtenances, etc., which it is entitled to enforce *in rem*.

41.     Saga is therefore entitled to the issuance of process *in rem* against the M/V MOON and to recover the amounts due for necessaries supplied, together with interest, attorneys' fees where permitted, and costs.

42.     The total amount presently due and owing to Garrets and Saga for necessaries supplied to the M/V MOON, including contractual interest and collection costs, is $59,677.83, exclusive of arrest costs, attorneys' fees, and additional interest.

WHEREFORE, Plaintiffs Garrets International A/S and Saga Shipping A/S respectfully demand judgment as follows:

(a) That process *in rem* and a warrant for the arrest in due form, in accordance with the practices of this Court and the Supplemental Rules for Admiralty or Maritime Claims, issue against the M/V MOON (IMO Number 9635690), her engines, tackle, equipment, appurtenances, etc., with notice to all persons claiming any interest therein to appear and answer this Verified Complaint;

(b) That Plaintiffs' claims be adjudged to constitute valid maritime liens against the Vessel for necessaries supplied pursuant to 46 U.S.C. §§ 31341–31342;

(c) That judgment be entered in favor of Plaintiffs and against the M/V MOON, her engines, tackle, equipment, appurtenances, etc., in the amount of $59,677.83, together with interest, costs, and attorneys' fees;

(d) That the M/V MOON, her engines, tackle, equipment, appurtenances, etc., be condemned and sold to satisfy the judgment entered herein; and

(e) That Plaintiffs have such other and further relief as the justice of this cause may require.

Dated: March 2, 2026

Respectfully submitted,

**GARRETS INTERNATIONAL A/S,**
**and**
**SAGA SHIPPING A/S**

_____/s/ K. Barrett Luxhoj_____
James L. Chapman, IV, Esquire (VSB No. 21983)
K. Barrett Luxhoj, Esquire (VSB No. 86302)
R. Paul DeRosa, Esquire (VSB No. 100392)
CRENSHAW, WARE & MARTIN, PLC.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
rpderosa@cwm-law.com
*Counsel for Plaintiffs*

## VERIFICATION

I, Mathias Steinø, pursuant to 28 U.S.C. § 1746, declare as follow:

1.      I am an attorney with Hafnia Law Firm in Denmark and serve as legal counsel to Garrets International A/S and Saga Shipping A/S in connection with the matters described in the foregoing Verified Complaint. I am authorized by Plaintiffs to act as their attorney and agent for purposes of this action and to verify this Complaint on their behalf.

2.      The statements contained in the foregoing Verified Complaint are based upon my review of the relevant contracts, invoices, and business records of Plaintiffs, as well as information provided to me by representatives of Garrets International A/S and Saga Shipping A/S in connection with this matter.

3.      I have read the foregoing Verified Complaint and the allegations set forth in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

4.      Verification is not made by a party or authorized corporate officer because the corporate representatives of Plaintiffs are located outside the United States and obtaining their verification would delay the filing of this action seeking the arrest of the vessel.

5.      I am authorized by Plaintiffs to make this verification pursuant to Local Admiralty Rule (e)(3).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: March 2, 2026

MATHIAS STEINØ
ADVOKAT (H) • PARTNER
ATTORNEY-AT-LAW
Nyhavn 69
DK-1051 Copenhagen K
M + 45 40 22 86 11
E mms@hafnialaw.com

Mathias Steinø, Attorney-at-law
Attorney and Authorized Agent for Garrets
International A/S and Saga Shipping A/S